UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>DAVID GARCIA FLORES,<br>    Defendant. | CRIMINAL NO. 5:20-11-KKC<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on defendant David Garcia Flores's motion (DE 23) to revoke a detention order entered by a magistrate judge for the U.S. District Court for the Middle District of Tennessee, which is the district in which Flores was arrested. The Tennessee magistrate judge entered the order after conducting a detention hearing.

Flores makes this motion pursuant to 18 U.S.C. § 3145(b), which provides that a person ordered detained by a magistrate judge may file, "with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."

This matter was referred to a magistrate judge in this district to conduct another evidentiary hearing and to submit proposed findings of fact and a recommendation for the disposition. The Kentucky magistrate judge has recommended that the Court deny the motion. Flores has filed objections to the recommendation. Among the objections, Flores argues that an Article III judge, as opposed to a magistrate judge, must undertake a *de novo* review of the Tennessee detention order. The undersigned has conducted such a review of the Tennessee order.

The statute providing for review of a magistrate judge's detention order does not specifically require that the Court conduct an additional hearing. 18 U.S.C. § 3145(b).

Nevertheless, the Kentucky magistrate judge conducted one, meaning that Flores has now been granted two hearings before two different magistrate judges on the issue of whether he should be detained.

In resolving Flores's motion to revoke the Tennessee magistrate judge's detention order, the Court will rely on the indictment, the Pretrial Services Report prepared by the U.S. Probation Office for the Middle District of Tennessee, a recording of the hearing conducted by the Kentucky magistrate judge, the financial affidavit filed in the Tennessee court, and the pleadings submitted by the parties. The Court has also reviewed the recommendation of the Kentucky magistrate judge.

Flores is charged with false representation of a social security number, in violation of Title 42, U.S.C. §408(a)(7)(B); false attestation on an I-9, in violation of Title 18 U.S.C. §1546 (b)(3); and aggravated identity theft, in violation of Title 18 U.S.C. §1028A(a)(1).

The government moved before the Tennessee court that Flores be detained pending trial. Pursuant to 18 U.S.C. § 3142(e)(1), a defendant must be detained pending trial if, after a hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure his appearance at future court proceedings and the public safety.

The Tennessee magistrate judge determined that the government had proved by a preponderance of the evidence that there are no conditions or combination of conditions that would assure Flores's appearance at future court proceedings. (DE 12-14, Detention Order.)

There is no presumption of detention on any of the charges against Flores. Where the presumption does not apply, detention is appropriate if the government proves by a preponderance of the evidence that the defendant is a flight risk or if it proves by clear and

convincing evidence that the defendant poses a danger to the public or any person. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Here, the government has attempted to prove only that Flores is a flight risk. In determining whether the government has met its burden on this issue, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or controlled substance, firearm, explosive, or destructive device; the weight of the evidence against the person; and the history and characteristics of the person. 18 U.S.C. § 3142(g).

As to the nature and circumstances of the offenses, none of the charges – false representation of a social security number; false attestation on an I-9; and aggravated identity theft – are crimes of violence or involve weapons, minor victims, terrorism, or controlled substances. Nevertheless, the charges do involve the use of fraudulent documents and the willingness and ability to fraudulently hide one's identity. Further, the identity-theft charge carries a mandatory minimum sentence of two years, which must be served consecutive to the sentence on any other charge. This penalty is significant and could provide incentive to avoid appearing before the Court as required.

Flores argues that the Kentucky magistrate judge assumed the truth of these charges. Again, this Court has reviewed the Tennessee magistrate judge's order de novo. Further, the Court is required to consider the nature and circumstance of the offense in determining whether detention is appropriate. Without making a determination as to guilt or innocence, the Court has considered the kinds of charges against Flores and the potential penalty. While, here, this factor alone would not be sufficient to require detention, the Court must consider this factor in combination with the others.

As to the weight of the evidence against Flores, the Court must weigh the evidence that Flores poses a flight risk, not the evidence of his guilt. *United States v. Xiaorong You*, No. 2:19-CR-14, 2019 WL 2426659, at *2 (E.D. Tenn. June 10, 2019). *See also United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). In weighing the evidence on this issue, the Court will consider Flores's personal history and characteristics.

The record does not reveal that Flores has any prior criminal history. Further, he has no apparent substance abuse issues. Nevertheless, Flores did not cooperate with the probation officer in Tennessee who prepared the pretrial services report. This unwillingness to cooperate with probation personnel itself calls into question whether Flores would appear for future court appearances as required.

Further, Flores does not have the necessary permission to be in the United States. U.S. Immigration and Customs Enforcement (ICE) has lodged a detainer against him, meaning that, if the Court should order his release, ICE would take him into custody, and he would be subject to deportation. Flores asserts in his motion that he has been in the United States for over 20 years, a considerable period of time. The possibility of deportation as a result of these charges provides an added incentive for Flores to flee.

Flores asserts that, at the hearing in Tennessee, two of his neighbors testified that he is a good neighbor and father. The Court has no reason to doubt this. The question before the Court, however, is whether Flores will show up in the Eastern District of Kentucky for future court appearances. The record shows that he has no ties to this district. Flores asserts that he, his son and four brothers live in Morristown, Tennessee. At the hearing in Kentucky, Judy Sexton testified that she is Flores's fiancé and that she lives in Crossville, Tennessee. Flores also has family who live in Mexico – his mother, daughter, and brother – and he maintains a relationship with them. He has no family or current employment in this

4

district.

Sexton testified at the Kentucky hearing that, if released, Flores could live with her and that she would serve as his third-party custodian. Sexton's relationship with Flores, however, is not clear. Nor is it clear what she knows about his current daily life. She purports to be his fiancé, but, when Flores was arrested, he reported that a "Beatrice Bascez" was his girlfriend and next of kin. (DE 14-2, Sheriff's Report.) He did not mention Sexton.

Sexton testified that she did not know Flores was in Nashville on the day he was arrested or why he was there. She knew nothing about his attempt to find employment in Kentucky. She testified that she did not know any of his friends or his address. Nor was she aware that he is not a U.S. citizen. Further, the financial affidavit filed in Tennessee indicates that Flores is married. (DE 12-17, Financial Affidavit; Pretrial Services Report at 2.) Given Sexton's unfamiliarity with Flores, the Court cannot find that she would serve as an appropriate third-party custodian if he were to be released.

In his objections to the magistrate judge's recommendation, Flores argues that the magistrate judge erred in denying his request for a second opportunity to interview with the U.S. Probation Office. But he does not state what additional information he would provide that would have any bearing on the detention issue. Further, the federal court offered the defendant the resources and personnel to prepare a pretrial services report prior to his first detention hearing. It is not obligated to offer those resources and personnel again simply because Flores has now decided to cooperate.

For all these reasons, the Court hereby FINDS by a preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant Flores's appearance at future court proceedings. Accordingly, the Court hereby ORDERS that

Flores's motion to revoke the Tennessee magistrate judge's detention order (DE 23) is DENIED.

Dated January 25, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY